William H. Page, et al.
· vs.
Joseph T. Avila, et al. } No. 88439.

### April 16, 1934.

CARPENTER, J. This is an action brought by William H. Page and Richard M. Page, co-partners doing business under the style and name of Page & Page in the Borough of Manhattan, City, County and State of New York, against Joseph T. Avila and José A. d'Olivera, both of Providence, and August J. Andrews of Pawtucket, to recover for legal services rendered by the plaintiffs who are attorneys at law.

The case was tried before a jury and the jury rendered a verdict for the plaintiffs in the sum of $3,200. Thereupon, within due time, the defendants filed a motion for a new trial alleging the usual grounds and also alleging that they have discovered new and material evidence. No affidavits have been filed and therefore the Court assumes that the last ground for a new trial has been abandoned.

It appeared from the evidence that the plaintiffs were engaged by the defendants to do some legal work for them, which legal work is fully set forth in the plaintiffs' amended bill of particulars. The claim of the defendants was that the amount of the plaintiffs' claim was excessive. The matter was fully tried before the jury and the jury upon consideration of the matter apparently from the verdict, thought that the plaintiffs were entitled to the compensation set forth in their verdict.

The Court feels that justice has been done in this matter.

Motion for new trial denied.

For plaintiffs: Emile H. Ruch.

For defendants: Michael Pedro, Charles Z. Alexander.

William S. Pulley
vs.
John Hancock Mutual Life Ins. Co. } No. 90707.

### April 16, 1934.

CARPENTER, J. This is an action brought by William Pulley, husband of Peninia, to recover on a contract of insurance whereby the defendant company insured the life of Peninia Pulley.

The matter was tried before a jury and the jury returned a verdict for the plaintiff in the sum of $1,000. Motion for a new trial was filed in due course and is now before this Court alleging the following grounds:

1. That the verdict is against the law.

2. That the verdict is against the evidence and the weight thereof.

3. That the verdict is against the law, and the evidence.

4. That the verdict is against the law, the evidence and the weight thereof.

5. That the defendant has discovered new and material evidence which, by the exercise of due diligence, it was unable to discover

prior to the trial of said case, to be supported by affidavits to be made a part hereof.

The defendant apparently abandoned the fifth ground as no affidavits have been filed and no mention was made of said ground in the argument upon said motion.

It appeared from the evidence that the defendant insured the life of Peninia Pulley, wife of the plaintiff, for the sum of $1,000, and there was attached to said policy a supplementary contract whereby the Company agreed to pay an additional sum of $1,000 for the accidental death of Peninia Pulley. The sum that the defendant agreed to pay under the policy itself has been paid and this action was brought to recover upon the supplementary contract or death benefit provision.

The plaintiff contended that Mrs. Pulley, while working, slipped upon oil and fell, striking her head upon a box or some other object, which caused her death. The defendant's contention was that she fell not only from weakness but that death was brought on by a shock, so-called.

There was much evidence in the case, some of which sustained the claim of the plaintiff and some of which sustained the claim of the defendant. The jury evidently felt that the plaintiff had proven by a fair preponderance of the evidence that Mrs. Pulley's death was an accidental death as provided for in the supplementary contract and returned a verdict for the plaintiff in the sum of $1,000.

This Court does not feel that it should disturb the verdict of the jury in this case and feels that upon the evidence the jury were justified in returning the verdict that they did. Therefore, this Court feels that substantial justice has been done in the matter.

Motion for new trial denied.

For plaintiff: John R. Higgins.

For defendant: George Hurley.